FILED
5/3/2021 12:29 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Krystal Torres

citpps

CAUSE NO. **2021CI08685**

| | | |
|---|---|---|
| **BENJAMIN GARCIA,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | \_\_\_\_ **JUDICIAL DISTRICT** |
| | § | |
| **STATE FARM COUNTY MUTUAL** | § | |
| **INSURANCE COMPANY OF TEXAS,** | § | |
| Defendant. | § | **BEXAR COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, **BENJAMIN GARCIA,** hereinafter referred to by name or as Plaintiff, and complains of **STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS,** hereinafter referred to by name or as Defendant, and for cause of action would respectfully show unto the Court as follows:

### I. DISCOVERY CONTROL PLAN LEVEL

Plaintiff contends that discovery shall be conducted under a Discovery Level 3, pursuant to the TEXAS RULES OF CIVIL PROCEDURE.

### II. PARTIES AND SERVICE

1. Plaintiff, **BENJAMIN GARCIA,** is an individual who is a resident of Bexar County, Texas.

2.

   a. Defendant, **STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS** is a Texas insurance company and may be served with process through its attorney for service, Corporation Service Company, 211 E 7th St. Ste. 620 Austin, Texas 78701-3218. Citation requested.

*EXHIBIT A-1*

### III.   JURISDICTION AND VENUE

3.   This Court has jurisdiction over the Defendant because Defendant is a resident of the State of Texas. Venue is proper in because all or a substantial part of the events or omissions giving rise to this claim occurred in the county. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

**Pursuant to Tex. R. Civ. P. 47 this is a cause of action that exceeds $1,000,000.00 in damages and is within the Court's jurisdictional limits.**

### IV.   FACTS

4.   On or about **November 29th 2019**, Plaintiff BENJAMIN GARCIA was lawfully and legally driving in Bexar County, Texas in a 2018 Black Ford F-150 when he was suddenly, violently, and without warning rear-ended by a 2017 Black Toyota Camry operated by Pedro Jimenez causing a two-car accident. Plaintiff suffered lifelong injuries, extensive medical bills, and suffered severe emotional distress following this violent impact. Plaintiff was taken to San Antonio Military Medical Center by Schertz EMS at the scene of this accident. After months of treatment, Plaintiff was recommended for Rotator Cuff Repair Surgery which has been delayed due to the COVID-19 Pandemic.

Officer Ricardo Mena, Jr. (#31331) of the Selma Police Department arrived on scene and reported these events. Officer Mena cited Pedro Jimenez for failing to control his speed.

Subsequently, Plaintiff filed an underinsured motorist claim with **STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS** seeking payment of the under insured motorists benefits in which Plaintiff is entitled to under their policy. **STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS** has not paid or timely approved Plaintiff's claim for her under insured motorists benefits and continues to act in bad faith.

## DAMAGES

As a direct and proximate result of the collision and the negligent conduct of the Defendant, Plaintiff suffered severe bodily injury to their spine and mind. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental conditions to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout their bodies for a long time in the future, if not for the balance of their natural lives. As a further result of the nature and consequences of their injuries, the Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of their natural lives.

As a further result of all of the above, Plaintiff have incurred expenses for medical care and attention. A total amount for Plaintiff medical expenses is unknown at this time as they are still treating. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of. The charges are reasonable and were the usual and customary charges made for such services in the county where they were incurred. Plaintiff seeks monetary relief over $1,000,000.00.

As a further result of the injuries sustained by Plaintiff, they will require further medical care and attention and will incur future reasonable and necessary expenses for their medical care and attention, an expense which is unknown at this time as Plaintiff are still treating.

## PREJUDGMENT AND POST-JUDGMENT INTEREST

Plaintiff further requests both pre-judgment and post-judgment interest on all damages as allowed by law.

## CAUSES OF ACTION

## RESPONDEAT SUPERIOR OF

### STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS

All acts, actions and/or omissions complained of herein were committed either by Defendant **STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS** themselves or by and through one of its employees within the course and scope of their employment with **STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS**.

### CONDITIONS PRECEDENT AGAINST
### DEFENDANT INSURANCE CARRIER

All conditions precedent to recovery has been performed or have occurred.

### FIRST CAUSE OF ACTION AGAINST STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS: BREACH OF CONTRACT

Defendant **STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS** breached the insurance contract by failing to provide coverage, resulting in damages to the Plaintiff.

### SECOND CAUSE OF ACTION AGAINST STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS: UNFAIR INSURANCE PRACTICES

Defendant STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS is guilty of unfair insurance practices in violation of article 21.21, §16 of the Texas Insurance Code, and the statutes, rules, and regulations incorporated by the provision. These unfair practices have been producing causes of Plaintiff's actual damages.

### THIRD CAUSE OF ACTION AGAINST STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS: BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

Defendant **STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF**

**TEXAS** has breached their duty of good faith and fair dealing by denying Plaintiff claims without any reasonable basis and by failing to conduct a reasonable investigation of Plaintiff' claims and failing to effect prompt resolution of Plaintiff's claim. **STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS**'s breach has been a producing and proximate cause of Plaintiff's actual damages.

<u>**FOURTH CAUSE OF ACTION AGAINST**</u>
<u>**STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS:**</u>
<u>**VIOLATION OF DTPA**</u>

**STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS**, is liable because their actions constitute violations of the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA"). Specifically, Defendant violated the DTPA in one or more of the following aspects:

(a) Representing that the goods or services have characteristics or benefits that they do not have in violation of TEX. BUS. & COMM. CODE § 17.46(b)(5);

(b) Representing that the goods or services are of a particular standard, quality or grade, or that the goods are of a particular style or model, that they are not in violation of TEX. BUS. & COMM. CODE §17.46(b)(7);

(c) Representing that an agreement confers rights or involves rights, remedies, or obligations that it does not, or that are prohibited by law in violation of TEX. BUS. & COMM. CODE § 17.46(b)(12);

(d) Failing to disclose information about the goods or services that was known at the time of the transaction when the failure to disclose was intended to induce Plaintiff to enter into a transaction that Plaintiff would not have entered into if the information had been disclosed in violation of TEX. BUS. & COMM. CODE § 17.46(b)(24); and

(e) Acting in an unconscionable manner in that Defendant's denial of Plaintiff's claim took advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree in violation of TEX. BUS. & COMM. CODE § 17.50 (a)(3).

<u>**DAMAGES**</u>

Defendant STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS

acts have been producing and proximate causes of Plaintiff' actual and economic damages which are in excess of the minimum jurisdictional limits of this court. Plaintiff is entitled to judgment in the amount of their policy limits of the under insured motorist policy in the amount of $30,000.00.

## ADDITIONAL DAMAGES AND PENALTIES

STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS's conduct was committed knowingly. Accordingly, Defendant STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS is liable for additional damages as authorized by Texas. Ins. Code Ann. Article 21.21, § 16(b) (1), and DTPA § 17.50 (b) (1).

**STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS** acted with conscious indifference to the rights of Plaintiff in breaching the duty of good faith and fair dealing; therefore, **STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS** is liable for exemplary damages. Additionally, Plaintiff is also entitled to the 12% penalty allowed by TEX. INS. CODE CHAPTER 542 based on STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS's refusal to pay the claim.

## ATTORNEY'S FEES

Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE ANN § 38.001 (8); TEX. INS. CODE §542.060; and DTPA § 17.50 paid by STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS.

## JURY DEMAND

Plaintiff demands a trial by jury and tenders payment this date of the required jury fee.

## PRAYER

**FOR THESE REASONS**, Plaintiff request that the Defendant be cited to appear and answer, and on final trial hereafter, the Plaintiff have judgment against Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment

interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

A. Pain and suffering in the past;
B. Pain and suffering in the future;
C. Mental anguish in the past;
D. Mental anguish in the future;
E. Past medical expenses;
F. Future medical expenses;
G. Physical impairment in the past;
H. Physical impairment in the future;
I. Physical disfigurement in the past;
J. Physical disfigurement in the future;
K. Loss of past wages;
L. Loss of future wages;
M. Loss of wage earning capacity;
N. Loss of consortium;
O. Property damage;
P. Diminutive value of property
Q. Loss of use;
R. Pre judgment interest;
S. Post judgment interest; and
T. Exemplary damages.

RESPECTFULLY SUBMITTED,

MCCORMICK LAW FIRM
400 S. INDUSTRIAL BLVD
EULESS, TX 76040
FAX (832) 888-7777
TEL: (682) 444-4444

BY:   /S/ CAGNEY MCCORMICK
W. CAGNEY MCCORMICK
STATE BAR NO. 24083473
*EMAIL: CAGNEYMAC@THEINJURYATTORNEY.LAW
GRADY J. BLOCK
STATE BAR NO. 24120616
*EMAIL: GBLOCK@THEINJURYATTORNEY.LAW

ATTORNEYS FOR PLAINTIFF